UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Kathleen Susan White, )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>Carolyn W. Colvin, )<br>Acting Commissioner of Social Security )<br>)<br>**Defendant** ) | No. 3:13-CV-393-PLR-HBG |

## Memorandum Opinion

This Social Security appeal is before the Court for consideration of the Plaintiff, Kathleen Susan White's (hereinafter "White") objections [Doc. 16] to the Report and Recommendation filed by United States Magistrate Judge H. Bruce Guyton. The Defendant-Commissioner has responded to White's objections [Doc. 17]. Magistrate Judge Guyton found that the Administrative Law Judge (hereinafter "ALJ") properly reviewed and weighed the evidence to determine that White is capable of performing a reduced range of sedentary work. Thus, Magistrate Judge Guyton recommended that White's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

White made her application for disability benefits and/or supplemental security income alleging disability beginning June 21, 2010. That claim was denied by the ALJ on June 12, 2012, and subsequently refused reconsideration by the Appeals Council.

1

Thereafter, White sought judicial review of the Defendant-Commissioner's decision. As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which White objects. For the reasons that follow, White's objections will be overruled.

The ALJ found that White has the following severe impairments: degenerative disc disease of the lumbar spine; osteoarthritis of the feet, ankles, and back; and chronic obstructive pulmonary disease. Taking these impairments into consideration, the ALJ found that White retained the residual functional capacity to perform sedentary work as defined by 20 C.F.R. 404.1567(a) and 416.967(a) except that White would require a sit/stand option allowing for changes of posture every forty-five minutes. Furthermore, White would need to avoid kneeling, crouching, crawling, and climbing ladders, ropes, scaffolds, and steps; as well as avoid exposure to gases, dust, and fumes. However, the ALJ did not find that White's impairments met the severity of one of the listed impairments required under 20 C.F.R. Part 404 Subpart P, Appendix 1, § 1.04A. Specifically, that White failed to meet one or more of the requirements under § 1.04A, including evidence of nerve root compression related to a disorder of the spine.

White objects to the ALJ's findings that she retained an ability to work that would not preclude her from gainful activity. First, White contends that the ALJ committed reversible error, because White meets the requirements for a listed impairment of the spine. White argues she was seen by a series of physicians, each of whom reported finding evidence of spine disorders and disc degeneration. Moreover, White alleges that

the ALJ ignored all of these findings, relying instead on the examination findings of Dr. Jeffrey Summers, a state agency physician. Second, White asserts that the ALJ's decision violated her right to due process by failing to follow the Defendant-Commissioner's own procedure manual for administrative proceedings.

Addressing White's first argument, the ALJ properly considered all of the evidence and correctly found that White does not meet the listed requirements of an impairment under § 1.04A (disorder of the spine). White's contention that the ALJ failed to consider all of the evidence—particularly certain physicians' reports—is not supported by the record. The Magistrate Judge correctly found that none of White's physicians ever contradicted the medical testimony provided by Dr. Summers. The physicians' reports actually *preclude* a finding that White had a listed impairment under § 1.04A, as the medical evidence predates her cessation of work and alleged onset by nearly a year or more. Moreover, the ALJ specifically stated that her decision was based upon "all of the evidence." An ALJ is not required to enumerate each and every reason for a decision; rather, the ALJ simply has to show that the decision was made based upon a consideration of the evidence. This Court agrees with the Magistrate Judge that the ALJ's decision to deny White's claim was made upon consideration of all the evidence, and not reversible error.

White's second argument regarding a violation of her due process rights is not timely and therefore deemed waived. A new claim that is raised for the first time in an objection to a magistrate judge's report is deemed waived. *See Swain v. Comm'r of Soc.*

3

Case 3:13-cv-00393-PLR-HBG   Document 18   Filed 07/16/14   Page 3 of 5   PageID #: 732

*Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010); *see also Ward v. United States*, 208 F.3d 216 (6th Cir. 2000) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)). As many Circuits have noted, evidence is considered "new" if it was not before the decisionmaker when the previous determination was made. *See, e.g.*, *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir.1988) (holding that "an unsuccessful party is not entitled as of right to *de novo* review ... of an argument never seasonably raised before the magistrate"); *Borden v. Sec. of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that issues raised for the first time in objections to a magistrate's recommendation were waived); *see also Greenhow v. Sec. of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir.1988) (holding that arguments raised for the first time on appeal have traditionally been held to be barred, absent exceptional circumstances or a convincing explanation for the failure to present them to the court below), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir.1992), *cert. denied*, 507 U.S. 978, (1993). Here, after review of the record, the Court finds that White's contention that the ALJ did not follow the proper administrative procedures and violated White's due process rights is a new argument not previously brought before the magistrate judge. Therefore, this Court must view such argument as waived.

After a careful review of the record and the parties' pleadings, the Court is in complete agreement with the Magistrate Judge's recommendation that White's motion for summary judgment be denied and the Commissioner's motion for summary judgment

4

be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that White's motion for summary judgment [Doc. 11] is **DENIED**; the Defendant-Commissioner's motion for summary judgment [Doc. 12] is **GRANTED**; the Defendant-Commissioner's decision in this case denying White's application for benefits under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED**.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**